UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DAVID A. MACNEIL,
    Plaintiff

V.

UNITED STATES OF AMERICA,
    Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. The Plaintiff, David A. MacNeil, is an individual residing in Lakeville, Massachusetts.

2. The Defendant, the United States of America, is a defendant herein pursuant to the Federal Tort Claims Act, arising from the negligent and/or other wrongful acts and/or omissions of employees and agents of the United States Department of Veterans Affairs [VA], a department of the Executive Branch of the United States, while such employees and/or agents were acting within the scope of their office or employment.

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. [FTCA], from acts and/or omissions of the United States Department of Veterans Affairs within the District of Massachusetts.

4. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

5. On or about September 14, 2018 the Plaintiff was admitted as a patient to the VA Hospital in West Roxbury, Massachusetts with a history of falls at home due to syncope or sudden feinting.

6. At the time of and during his admission to the defendant's hospital, the Plaintiff was at a high risk for falls due to his history of falling, syncope, secondary diagnoses, his use of

ambulatory aides, and his mental status. Given the Plaintiff's high fall risk status, the standard of nursing care required numerous interventions to prevent the Plaintiff from falling, including but not limited to, properly assessing the Plaintiff's mental status, the use of a fall mat placed at the Plaintiff's bedside to reinforce the instructions to use a call light to request assistance before ambulating, and the use of a bed alarm to alert nursing staff that the Plaintiff was out of bed.

7. Defendant's employees noted that despite the Plaintiff's ability to verbalize an understanding of the instructions to use his bedside urinal when needing to void and to use the call light to request assistance before attempting to ambulate, the Plaintiff overstates and/or forgets his limitations. Despite this, the Defendant's employees negligently failed to amend their fall risk assessment of the Plaintiff to take into account his decreased mental status.

8. On or about September 18, 2018 the Plaintiff was awakened from sleep by Defendant's nursing assistant for the taking of vital signs. At this time the Plaintiff's blood pressure was recorded as being very low. The Plaintiff was left unattended while the nursing assistant left his room. While unattended the Plaintiff got out of bed to use the bathroom, lost consciousness, and fell to the floor striking his head and fracturing his left hip.

9. Prior to the Plaintiff getting out of bed and falling, the Defendant's nursing staff negligently had failed to activate his bed alarm.

10. After the Plaintiff's fall the Defendant's nursing staff elevated his fall risk assessment score based on his mental status that he overestimated and/or failed to recognize or remember his limitations and placed the Plaintiff on a bed alarm.

11. On September 19, 2018, as result of the fall, the Plaintiff underwent total left arthroplasty [hip replacement] surgery for a left displaced comminuted femoral neck fracture.

12. The Defendant's nursing staff deviated from applicable nursing standards of care by, inter alia, not properly assessing the Plaintiff's mental status, not ensuring that the Plaintiff's bed alarm was activated, and not placing a fall mat next to the Plaintiff's bed.

13. As the result of the negligence of the Defendant's employees and/or agents, the Plaintiff suffered severe and permanent injuries that have caused and will continue to cause him great pain of body and anguish of mind, and to incur substantial medical and nursing care in the future.

14. On September 16. 2020 a claim was timely presented to the United States Department of Veterans Affairs on behalf of the Plaintiff, and the Plaintiff's claim was denied on July 8, 2021.

WHEREFORE, the Plaintiff David A. MacNeil demands judgment against the Defendant in the sum of Nine Hundred Thousand Dollars [$900,000.00] together with costs of suit and such further relief as this Court may deem just.

The Plaintiff,
David A. MacNeil,
By His Attorney,

/s/  *Edward J. O'Brien*
Edward J. O'Brien
BBO No. 546359
14 Wood Road – Suite 206
Braintree, MA  02184
Tel: 617-472-1937
Fax: 617-472-2111
edward.obrien1985@gmail.com